IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| LONZELL DEMETRIC GOWDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 7:16-CV-8023-KOB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This matter is before the court on petitioner Lonzell Demetric Gowdy's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (doc. 1); the Government's "Response to § 2255 Motion" (doc. 4); and "Petitioner's Reply" (doc. 6).

Pursuant to a plea agreement, Mr. Gowdy pled guilty on September 14, 2005, to conspiracy to distribute 500 grams or more of cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 841(A)(1) and 846. (Doc. 15 in 7:05-cr-318-KOB-SGC). Prior to sentencing, the Government filed its "Information: Title 21, United States Code, Section 851 Relating to Previous Felony Convictions for Drugs," indicating that Mr. Gowdy had three prior convictions for felony drug offenses. (Doc. 12 in 7:05-cr-318-KOB-SGC). The court classified Mr. Gowdy as a career offender under Section 4B1.1 of the United States Sentencing Guidelines based on those three prior felony drug offense convictions. (Docs. 21, 23, & 28 in 7:05-cr-318-KOB-SGC).

The court sentenced Mr. Gowdy on December 19, 2005 to 156 months in prison. (Doc. 23 in 7:05-cr-318-KOB-SGC).

Mr Gowdy filed his motion to vacate on April 11, 2016, more than ten years after his conviction. Mr. Gowdy claims that this court should vacate his sentence based on the United States Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (June 26, 2015). In *Johnson*, in deciding whether a prior conviction constituted a "violent felony" for purposes of the Armed Career Criminal Act (ACCA), the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Mr. Gowdy claims that, based on *Johnson*, the court incorrectly sentenced him as a career offender under § 4B1.1 of the Sentencing Guidelines, and thus, the court should vacate his sentence and re-sentence him without the career offender enhancement. (Doc. 1).

On May 10, 2016, the court ordered the Government to show cause in writing why the court should not grant Mr. Gowdy's motion to vacate. (Doc. 2). In its response, the Government argues that *Johnson* does not apply in Mr. Gowdy's case because the Eleventh Circuit has held that *Johnson* applies to the residual clause under the ACCA but *not* to the similar residual clause under § 4B1.1 of the Sentencing Guidelines. (Doc. 2) (citing *United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015)).[1] Moreover, the Government argues that, even if *Johnson*

---

1. The Supreme Court recently granted certiorari in *Beckles v. United States*, to decide whether *Johnson* applies retroactively to collateral challenges to federal sentences enhanced under § 4B1.2(a)(2)'s residual clause and whether *Johnson's* constitutional holding applies to that residual clause. 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, No. 15-8544, 2016 WL

applied to the residual clause under the Sentencing Guidelines, the *Johnson* holding would have no impact because Mr. Gowdy's past offenses countable for his career offender enhancement did not involve any "crimes of violence." Instead, the court deemed Mr. Gowdy a career offender based on three prior "controlled substance offenses" not impacted by the *Johnson* decision. Because *Johnson* does not apply and provides no basis for a timely motion under 28 U.S.C. § 2255(f), the Government maintains that Mr. Gowdy's motion to vacate is untimely because it comes more than a decade after his conviction became final in 2005. (Doc. 4 at 2).

After receiving the Government's response, the court issued an Order pursuant to *McBride v. Sharp*, 25 F.3d 962 (11th Cir. 1994), advising Mr. Gowdy that the court deemed the case ripe for summary disposition and giving him an additional twenty-one days to supply any additional evidentiary material or legal arguments to support his motion. (Doc. 5).

Mr. Gowdy filed his reply to that Order on June 30, 2016, again claiming that *Johnson* applies, but failing to address the Government's arguments regarding how *Johnson* does not apply to his career offender status based on "controlled substance offenses" and not "crimes of violence."

Under current Eleventh Circuit precedent, the holding in *Johnson* does not extend to the residual clause under the Sentencing Guidelines regarding the definition of a "crime of violence." *Matchett*, 802 F.3d at 1196. However, even if *Johnson*

---

1029080 (U.S. June 27, 2016).

were to arguably impact the definition of a "crime of violence" under that residual clause, that impact would have no bearing on Mr. Gowdy's case because his conviction did not in any way involve a crime of violence. Mr. Gowdy's career offender status was based on three prior "*controlled substance offenses*." Mr. Gowdy's habeas motion and reply do nothing to counter this truth.

In his reply, Mr. Gowdy cites *United States v. Spencer*, 727 F.3d 1076 (11th Cir. 2013) for the proposition that "an erroneous categorization of a defendant as a career offender amounts to a . . . fundamental defect that 'inherently results in a complete miscarriage of justice.'" (Doc. 6 at 5). However, the Eleventh Circuit, after a rehearing *en banc*, vacated its opinion in *Spencer* and found the exact opposite—that a misapplication of the career offender Sentencing Guidelines does *not* result in a miscarriage of justice and cannot serve as grounds for a collateral review of a criminal sentence. *Spencer v. United States*, 773 F.3d 1132, 1144 (11th Cir. 2014), vacating and remanding 727 F.3d 1076 (11th Cir. 2013). Even if the court found that Mr. Spencer was incorrectly classified as a career offender under the Sentencing Guidelines, that finding would not serve as a basis for a cognizable § 2255 claim under current Eleventh Circuit precedent.

Because the court did not sentence Mr. Gowdy under the residual clause of the ACCA and his classification as a career offender under the Sentencing Guidelines did not in any way involve a "crime of violence," the court finds that the holding in *Johnson* does not apply in Mr. Gowdy's case and cannot serve as grounds to extend

his one-year statute of limitations under 28 U.S.C. § 2255(f). As such, his habeas petition is untimely and should be dismissed as time-bared.

The court will enter an Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 16th day of December, 2016.

                                                  */s/ Karon O. Bowdre*
                                                  KARON OWEN BOWDRE
                                          CHIEF UNITED STATES DISTRICT JUDGE